UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TAREQ ZIAD FOUAD ZAKARNEH,

    Petitioner,

v.

UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*,

    Respondents.

CASE NO. 2:25-cv-00707-DGE-GJL

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

This federal habeas action filed under 28 U.S.C. § 2241 has been referred to United States Magistrate Judge Grady J. Leupold. Before the Court is Petitioner's Motion to Appoint Counsel. Dkt. 17. Because Petitioner has not made the necessary showing for court-appointed counsel, the Motion is **DENIED** without prejudice.

There is no automatic, constitutional right to counsel in federal habeas proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *see also Bonin v. Vasquez*, 999 F.2d 425, 429 (9th Cir. 1993). However, the Criminal Justice Act, 18 U.S.C. § 3006A, authorizes the Court to appoint counsel for a financially eligible person who seeks relief under § 2241 when the "court determines that the interests of justice so require." *Id.* at § 3006A(a)(2)(B); *see also Chaney v.*

*Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Moreover, the Rules Governing Section 2254 Cases in the United States District Courts require the appointment of counsel: (1) when the Court has authorized discovery upon a showing of good cause and appointment of counsel is necessary for effective discovery; or (2) when the Court has determined that an evidentiary hearing is warranted. Habeas Rules 6(a) and 8(c) (applicable to § 2241 petitions by Habeas Rule 1(b)).

Here, Petitioner has not demonstrated he requires the assistance of counsel to prosecute his case at this time. The Court notes that Petitioner has been able to file his habeas Petition (Dkt. 1) without the assistance of counsel. Further, without making any determination as to his ability litigate the specific legal issues involved in this case without counsel, the Court notes that Petitioner's *pro se* filings thus far suggest he is capable of clearly articulating his claims and effectively presenting his legal arguments. *See* Dkts. 1, 17, 18, 23. Thus, at this stage of the litigation, the circumstances of this case do not indicate that the interests of justice or the Habeas Rules require appointment of counsel.

Accordingly, the Motion (Dkt. 17) is **DENIED without prejudice**.

Dated this 11th day of June, 2025.

Grady J. Leupold
United States Magistrate Judge

ORDER DENYING MOTION FOR
APPOINTMENT OF COUNSEL - 2