1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TAREQ ZIAD FOUAD ZAKARNEH,

Petitioner,

v.

UNITED STATES IMMIGRATION AND
CUSTOMS ENFORCEMENT, *et al.*,

Respondents.

CASE NO. 2:25-cv-00707-DGE-GJL

ORDER ON MOTIONS

The District Court has referred this federal habeas action to United States Magistrate Judge Grady J. Leupold. On March 5, 2025, Petitioner Tareq Ziad Fouad Zakarneh, proceeding *pro se*, initiated this action in the District of Oregon by filing a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention in the United States Immigration and Customs Enforcement ("ICE") Processing Center ("NWIPC") in Tacoma, Washington.[1] Dkt. 1. Presently before the Court are the following Motions brought by Petitioner: (1) Motion to Block Deportation (Dkt. 32); (2) Motion for Reconsideration of the Court's Order denying his first Motion to Appoint Counsel (Dkt. 34) and second Motion to Appoint Counsel (Dkt. 38); (3)

---

[1] The case was transferred to this Court by Order of the Oregon District Court on April 11, 2025. *See* Dkt. 11.

ORDER ON MOTIONS - 1

1    Motion to Release Petitioner's Legal Work (Dkt. 35); and Motion for an Extension of Time to

2    Respond to the Motion to Dismiss (Dkt. 33). Respondents have not responded to these Motions.[2]

3                                   **I.    DISCUSSION**

4    **A.    Motion to Block Deportation (Dkt. 32)**

5            Petitioner, a native and citizen of Palestine, has filed a Motion to Block Deportation,

6    challenging ICE's efforts to deport Petitioner to a country that is not Palestine. Dkt. 32. *See also*

7    Dkt. 40 (Supplement to Motion to Block Deportation). Respondents have not filed a response to

8    this Motion.

9            Upon review of the Motion, the Court **DIRECTS** Respondents to **FILE** a response to the

10    Motion to Block Deportation (Dkt. 32), on or before **September 10, 2025**.

11    **B.    Motion for Reconsideration of the Court's Order denying the First Motion to**

12            **Appoint Counsel (Dkt. 34); second Motion to Appoint Counsel (Dkt. 38)**

13            On June 11, 2025, the Court denied Petitioner's first Motion to Appoint Counsel (Dkt.

14    17), finding Petitioner had not demonstrated he required the assistance of counsel to prosecute

15    his case at that time. Dkt. 24. Petitioner filed a Motion for Reconsideration of that Order on July

16    17, 2025. Dkt. 34. On July 23, 2025, the Court referred Petitioner's case for review by the Office

17    of the Federal Public Defender ("FPD"), and deferred a ruling on the Motion for

18    Reconsideration. Dkt. 36. In that Order, the Court directed the FPD to advise the Court whether

19    it intends to seek appointment in this matter by August 13, 2025. *Id*.

20            The FPD has responded to the Court, indicating that it will not be seeking appointment in

21    this case. Further, Petitioner has subsequently filed a second Motion to Appoint Counsel,

22

23    ---
[2] In a July 23, 2025, Order, the Court directed the Clerk of Court to renote the Motion for Reconsideration (Dkt. 34),
the Motion to Block Deportation (Dkt. 32), and the Motion to Release Petitioner's Legal Work (Dkt. 35) for
24    consideration on August 20, 2025. *See* Dkt. 36.

informing the Court that the FPD is not assisting in his case and requesting the Court appoint a private attorney to assist him further. Dkt. 38. As Petitioner has filed this second Motion to Appoint Counsel (Dkt. 38), the Court **DENIES as moot** the Motion for Reconsideration. (Dkt. 34).

Further, the Court finds Petitioner does not require the appointment of court-appointed counsel at this time. There is no automatic, constitutional right to counsel in federal habeas proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *see also Bonin v. Vasquez*, 999 F.2d 425, 429 (9th Cir. 1993). However, the Criminal Justice Act, 18 U.S.C. § 3006A, authorizes the Court to appoint counsel for a financially eligible person who seeks relief under § 2241 when the "court determines that the interests of justice so require." *Id.* at § 3006A(a)(2)(B); *see also Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Moreover, the Rules Governing Section 2254 Cases in the United States District Courts require the appointment of counsel: (1) when the Court has authorized discovery upon a showing of good cause and appointment of counsel is necessary for effective discovery; or (2) when the Court has determined that an evidentiary hearing is warranted. Habeas Rules 6(a) and 8(c) (applicable to § 2241 petitions by Habeas Rule 1(b)).

Here again, Petitioner has not demonstrated he requires the assistance of court-appointed counsel to prosecute his case at this time. The Court notes that Petitioner has been able to file his habeas Petition (Dkt. 1) without the assistance of counsel. Further, without making any determination as to his ability litigate the specific legal issues involved in this case without counsel, the Court notes that Petitioner's *pro se* filings thus far suggest he is capable of clearly articulating his claims and effectively presenting his legal arguments. *See* Dkts. 1, 17, 18, 23, 32, 35, 39, 40, 41, 42. Thus, at this stage of the litigation, the circumstances of this case do not

indicate that the interests of justice or the Habeas Rules require appointment of counsel.

Petitioner's second Motion to Appoint Counsel (Dkt. 38) is **DENIED without prejudice**.

**C.    Motion to Release Petitioner's Legal Work (Dkt. 35)**

Petitioner has filed a Motion to Release Petitioner's Legal Work, claiming that due to his transfers to and from multiple facilities, including those in Arizona, Texas, and Washington, ICE officials have been unable to locate his legal property since June 6, 2025. Dkt. 35. Respondents have not filed a response to this Motion.

Upon review of the Motion, the Court **DIRECTS** Respondents to **FILE** a response to the Motion to Release Petitioner's Legal Work (Dkt. 35), on or before **September 10, 2025**.

**D.    Motion for Extension (Dkt. 33)**

Petitioner seeks an extension of time to file a response to Respondents' Motion to Dismiss (Dkt. 20) his habeas Petition. Dkt. 33. In the Order referring this case for review by the FPD, the Court directed the Clerk to remove the noting date of this Motion until reestablished by a further Order of Court. *See* Dkt. 36 at 2.

In light of the FPD's decision not to seek appointment in this case, the Court directs the Clerk to **RENOTE** the Motion for extension of time (Dkt. 33) for consideration on **September 19, 2025**.

## II.    CONCLUSION

For the reasons set forth above, the Court **ORDERS** as follows:

(1)    On or before **September 10, 2025**, Respondents shall **FILE** a response to the Motion to Block Deportation. Dkt. 32. Petitioner may **FILE** a reply on or before **September 19, 2025**. The Clerk of Court shall **RENOTE** the Motion to Block Deportation (Dkt. 32) for consideration on **September 19, 2025**.

(2)    Petitioner's Motion for Reconsideration (Dkt. 34) of the Court's Order denying

the first Motion to Appoint Counsel is **DENIED as moot**.

(3)    Petitioner's second Motion to Appoint Counsel (Dkt. 38) is **DENIED without**

**prejudice**.

(4)    On or before **September 10, 2025**, Respondents shall **FILE** a response to the

Motion to Release Petitioner's Legal Work. Dkt. 35. Petitioner may **FILE** a reply

on or before **September 19, 2025**. The Clerk of Court shall **RENOTE** the Motion

to Release Petitioner's Legal Work (Dkt. 35) for consideration on **September 19,**

**2025**.

(5)    The Clerk of Court shall **RENOTE** Petitioner's Motion for an Extension of Time

to Respond to the Motion to Dismiss (Dkt. 33) for consideration on **September**

**19, 2025**.

(6)    The Clerk of Court shall **RENOTE** Petitioner's Motion to Disclose Discovery

Rule (Dkt. 42) for consideration on **September 19, 2025**.


Dated this 28th day of August, 2025.


Grady J. Leupold
United States Magistrate Judge