UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TAREQ ZIAD FOUAD ZAKARNEH,

                Petitioner,

    v.

UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*,

                Respondents.

CASE NO. 2:25-cv-00707-DGE-GJL

ORDER ON MOTIONS

The District Court has referred this federal habeas action to United States Magistrate Judge Grady J. Leupold. On March 5, 2025, Petitioner Tareq Ziad Fouad Zakarneh, proceeding *pro se*, initiated this action in the District of Oregon by filing a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention in the United States Immigration and Customs Enforcement ("ICE") Processing Center ("NWIPC") in Tacoma, Washington.[1] Dkt. 1. Presently before the Court are the following Motions brought by Petitioner: (1) Motion for an Extension of Time to Respond to the Motion to Dismiss (Dkt. 33); (2) Motion to Block Deportation (Dkt. 32); (3) Motion to Release Petitioner's Legal Work (Dkt. 35); (4) Motion for

---

[1] The case was transferred to this Court by Order of the Oregon District Court on April 11, 2025. *See* Dkt. 11.

ORDER ON MOTIONS - 1

an Extension of Time to Reply to the Motion to Block Deportation and Motion to Release Legal Work (Dkt. 51); (5) Motion to Recover Legal Work (Dkt. 48); (6) Motion to Disclose Discovery Rule (Dkt. 42); and (7) Motion to Redact Information (Dkt. 54).[2] The Court considers these Motions in turn.

## I.     DISCUSSION

**A.     Motion for an Extension of Time to Respond to the Motion to Dismiss (Dkt. 33)**

On May 29, 2025, Respondents filed a Return Memorandum and Motion to Dismiss Petitioner's § 2241 habeas Petition ("Motion to Dismiss"). Dkt. 20. Subsequently, Petitioner sought an extension of time to file his response to Respondents' Motion to Dismiss. Dkt. 33. On July 23, 2025, the Court entered an Order referring this case for review by the Federal Public Defender's Office ("FPD"), and directed the Clerk of Court to remove the noting date of the Motion for an extension (Dkt. 33) until reestablished by a further Order of Court. Dkt. 36 at 2. After the FPD responded to the Court indicating that it will not be seeking appointment in this case (*see* Dkt. 43 at 2), the Court directed the Clerk of Court to renote Petitioner's Motion for an Extension of Time. Dkt. 43.

On September 22, 2025, Petitioner filed his Response to the Motion to Dismiss. Dkt. 50. Since Petitioner has now filed his Response, the Motion for an Extension of Time to Respond to the Motion to Dismiss (Dkt. 33) is **DENIED as moot**.

//

//

---

[2] For purposes of discussion, the Court will not address these Motions sequentially; rather, the Court will address the Motions by subject matter.

**B.    Motion to Block Deportation (Dkt. 32); Motion for Extension of Time to File Reply in Support of Motion to Block Deportation (Dkt. 51)**

On July 17, 2025, Petitioner, a native and citizen of Palestine, filed a Motion to Block Deportation, challenging ICE's efforts to deport Petitioner to a country that is not Palestine. Dkt. 32. *See also* Dkt. 40 (Supplement to Motion to Block Deportation). Following the Court's August 28, 2025, Order directing, in part, responses to several of Petitioner's filed Motions (*see* Dkt. 43), Respondents filed a Response to this Motion. Dkt. 47. In response, Petitioner has filed a Motion for an extension of time to file a reply to the Response, seeking "more time than the noted time [of] September 19, 2025. Dkt. 51 at 1.

Because both Petitioner's § 2241 habeas Petition (Dkt. 1) and the Motion to Block Deportation (Dkt. 32) relate to Petitioner's continued detention, the Court will consider the Motion to Block Deportation (Dkt. 32) together with Respondents' Motion to Dismiss (Dkt. 20). As such, the Clerk of Court is directed to **RENOTE** the Motion to Block Deportation (Dkt. 32) for consideration on **October 15, 2025**. Petitioner's Motion for an Extension of Time to File a Reply in Support of Motion to Block Deportation (Dkt. 51) is **GRANTED**, and Petitioner may file such a reply on or before **October 15, 2025**. No further extensions of time will be granted by the Court.

**C.    Motion to Release Petitioner's Legal Work (Dkt. 35); Motion for Extension of Time to File Reply in Support of Motion to Release Petitioner's Legal Work (Dkt. 51)**

On July 21, 2025, Petitioner filed a Motion to Release Petitioner's Legal Work, claiming that due to his transfers to and from multiple facilities, including those in Arizona, Texas, and Washington, ICE officials have been unable to locate his legal property since June 6, 2025. Dkt. 35. Following the Court's August 28, 2025, Order directing, in part, responses to several of

Petitioner's filed Motions (*see* Dkt. 43), Respondents filed a Response to this Motion. Dkt. 45. *See also* Dkt. 46 (Supplemental Declaration in support of Response to Motion).

In their Response, Respondents assert that ICE has located and returned Petitioner's legal property. *See* Dkt. 45 at 1; Dkt. 46 ¶ 6. In his Motion to Recover Legal Work (Dkt. 48), addressed herein, Petitioner confirms that ICE has returned his legal property. *See* Dkt. 48 at 3. As a result, Petitioner's Motion to Release Petitioner's Legal Work (Dkt. 35) and Motion for Extension of Time to File a Reply in Support of Motion to Release Petitioner's Legal Work (Dkt. 51) are **DENIED as moot**.

**D.     Motion to Recover Legal Work (Dkt. 48)[3]**

In the Motion to Recover Legal Work (Dkt. 48), Petitioner asserts that, in August 2025, his electronically stored legal work was destroyed when an officer in NWIPC's law library required Petitioner to transfer the work from his existing thumb drive to a new one provided by NWIPC. Dkt. 48 at 1, 3. Petitioner requests the Court issue an Order "forcing the [R]espondent to hire a recovery company to recover his legal work from the PNY thumb drive No. 162 or from the computer of the law library." Dkt. 48 at 4.

Also in this Motion, Petitioner informs the Court that he has filed a separate action related to these claims. *See* Dkt. 48 at 3 (citing *Zakarneh v. Burns, et al.*, No. 3:25-cv-05730-RSM (W.D. Wash.) (filed Aug. 18, 2025)). Further, the Court takes judicial notice of the Report and Recommendation ("R&R") filed in that action addressing Petitioner's claims. *See* No. 3:25-cv-05730-RSM (Dkt. 8, R&R, Tsuchida, J.). As the claims and relief sought in this Motion are

---

[3] The Court exercises its discretion to decide the Motion before its October 3, 2025, noting date. *See* Fed. R. Civ. P. 1 (directing district courts to administer the rules of procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding").

ORDER ON MOTIONS - 4

presently being considered in *Zakarneh v. Burns, et al.*, No. 3:25-cv-05730-RSM, the Motion (Dkt. 48) is **DENIED as duplicative**.

E.      **Motion to Disclose Discovery Rule (Dkt. 42)**

In the Motion to Disclose Discovery Rule, Petitioner requests the following discovery:

- Information regarding Deportation Officer Enrique Rodriguez's statement in his Declaration that Petitioner "claims to be a national of Jordan." Dkt. 21 ¶ 35;

- Information regarding the Government's communications with Israel to permit Petitioner's entry into the West Bank; and

- Unredacted "reports from the Department Homeland Security and the FBI" that Petitioner asserts the Immigration Judge considered during his removal proceedings. Dkt. 42.

Petitioner asserts he is entitled to this discovery because "they alleged the same information versus the Petitioner at the Board of Immigration Appeal on Feb. 7, 2025, to deny his motion to stay and his motion to reopen with his asylum application." *Id*. at 2.

Under Rule 6 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Rule 6(a). "A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents." Rule 6(b).

Here, Petitioner has not provided an adequate explanation to support his requests for discovery. *See* Dkt. 42. While Petitioner has provided a narrative related to the items he seeks to obtain through discovery, he has not adequately explained why these materials are necessary or

1  relevant to the resolution of this § 2241 habeas Petition challenging his continued detention. *Id*.

2  Therefore, the Court will not grant leave to conduct discovery at this time. Petitioner's Motion to

3  Disclose Discovery Rule (Dkt. 42) is **DENIED without prejudice**.

4  F.   **Motion to Redact Information (Dkt. 54)**[4]

5  In his Motion to Redact Information, Petitioner requests that the Court direct

6  Respondents to "redact any sensitive personal information that he [is] entitled to while he does

7  not have the tools to do it." Dkt. 54.

8  Under Local Rule 5.2(c), "Unless the court orders otherwise, . . . in an immigration action

9  or proceeding related to an order of removal, to relief from removal, or to immigration benefits

10 or detention, the administrative record must be filed under seal, and the court will maintain it

11 under seal." LCR 5.2(c). Further, under Federal Rule of Civil Procedure 5.2(a), pertaining to

12 redacted filings,

> Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only:
> (1) the last four digits of the social-security number and taxpayer-identification number;
> (2) the year of the individual's birth;
> (3) the minor's initials; and
> (4) the last four digits of the financial-account number.

18 Fed. R. Civ. P. 5.2(a).

19 Here, from a review of the Declaration filed in support of Respondents' Motion to

20 Dismiss (Dkt. 22), it appears that the applicable information as set forth in Rule 5.2 has been

21 redacted. *See* Dkt. 22-1 – 22-10, Exs. A–J. Thus, without any further information asserted by

---

[4] The Court exercises its discretion to decide this Motion before its October 13, 2025, noting date. *See supra*, note 3, at 4 (citing Fed. R. Civ. P. 1).

ORDER ON MOTIONS - 6

Petitioner in support of his request for redactions, the Motion to Redact Information (Dkt. 54) is **DENIED**.

## II.   CONCLUSION

For the reasons set forth above, the Court **ORDERS** as follows:

(1) Petitioner's Motion for an Extension of Time to Respond to the Motion to Dismiss (Dkt. 33) is **DENIED as moot**. Further, the Clerk of Court is directed to **RENOTE** the Motion to Dismiss and Return Memorandum (Dkt. 20) for consideration on **October 15, 2025**.

(2) Petitioner's Motion to Block Deportation (Dkt. 32) is **RENOTED** for consideration on **October 15, 2025**. Further, Petitioner's Motion for an Extension of Time to File a Reply in Support of Motion to Block Deportation (Dkt. 51) is **GRANTED**, and Petitioner may file a reply in support of the Motion (Dkt. 32) on or before **October 15, 2025**. No further extensions of time on this Motion will be granted by the Court.

(3) Petitioner's Motion to Release Petitioner's Legal Work (Dkt. 35) and Motion for an Extension of Time to File Reply in Support of Motion to Release Petitioner's Legal Work (Dkt. 51) are **DENIED as moot**.

(4) Petitioner's Motion to Recover Legal Work (Dkt. 48) is **DENIED as duplicative** of the claims and relief sought in *Zakarneh v. Burns, et al.*, No. 3:25-cv-05730-RSM (W.D. Wash.).

//

//

(5)    Petitioner's Motion to Disclose Discovery Rule (Dkt. 42) is **DENIED without prejudice**.

(6)    Petitioner's Motion to Redact Information (Dkt. 54) is **DENIED**.

Dated this 29th day of September, 2025.

Grady J. Leupold
United States Magistrate Judge